UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

LORENZO ALLEN and
JUANITA ALLEN,
    Plaintiffs,

v.

PHH MORTGAGE CORPORATION,
_____Defendant._____/

FILED BY _____ D.C.

JUN 29 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

Plaintiffs, Lorenzo Allen and Juanita Allen, sue Defendant PHH Mortgage Corporation ("PHH") and allege:

**JURISDICTION AND VENUE**

1. This action arises under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.; and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 et seq.

2. This Court has jurisdiction under 28 U.S.C. §1331 (federal question) and §1367 (supplemental jurisdiction).

3. Venue is proper because the property, Plaintiffs, and PHH's servicing activities are located in Broward County, Florida.

**PARTIES**

4. Plaintiffs are natural persons residing at 6207 NW 66th Way, Parkland, Florida 33067.

5. Defendant PHH Mortgage Corporation is a mortgage servicer and debt collector doing business in Florida.

6. PHH is a "debt collector" under the FDCPA because it acquired servicing after the loan was in default, regularly collects debts owed to another, and uses interstate mail and wires to collect mortgage debts.

## FACTUAL ALLEGATIONS

### The Mortgage Loan and Arbitration Agreement

7. Plaintiffs obtained a mortgage loan in 2002 from Accredited Home Lenders, Inc.

8. The mortgage contains a mandatory arbitration agreement, requiring all disputes relating to the Note, Mortgage, or servicing relationship to be resolved through binding arbitration.

9. The arbitration agreement expressly states that neither party may litigate in court if the other elects arbitration.

10. The arbitration agreement was never revoked, rescinded, or modified. A copy is attached as **Exhibit A.**

### PHH's Unauthorized Foreclosure Filing

11. On May 9, 2014, PHH, acting on behalf of Bank of New York Mellon, filed a foreclosure lawsuit in Broward County, Florida.

12. PHH filed the foreclosure without electing arbitration, and in direct violation of the arbitration agreement.

13. Plaintiffs never waived arbitration.

14. PHH's foreclosure filing was unauthorized, contractually prohibited, and a servicing error under 12 C.F.R. §1024.35(b)(11).

15. A copy of the foreclosure complaint is attached as **Exhibit B**.

**Plaintiffs' December 26, 2025
Arbitration-Based Notice of Error (NOE)**

16. On December 26, 2025, Plaintiffs submitted a Notice of Error ("NOE") asserting that PHH violated the arbitration agreement and initiated foreclosure without contractual authority.

17. Plaintiffs attached the arbitration agreement, foreclosure complaint, case number, and filing date.

18. The NOE identified the borrower, loan number, specific error, contractual provision violated, and corrective action requested.

19. The NOE satisfied 12 C.F.R. §1024.35(a). A copy is attached as **Exhibit C**.

**Plaintiffs' December 26, 2025
Escrow-Based Notice of Error (NOE)**

20. Plaintiffs also submitted a NOE asserting PHH unlawfully shortened a 60-month escrow shortage repayment plan—originally established by Litton Loan Servicing—to a 12-month repayment schedule, causing a monthly surcharge of $1,009.45 instead of $238.85.

21. Plaintiffs attached the Litton 2011 escrow disclosure and the Ocwen/PHH 2021 disclosure showing the unilateral change.

22. Plaintiffs identified the specific error, the documents supporting the error, and the corrective action requested.

23. This NOE is a covered error under §1024.35(b)(11) ("any other error relating to the servicing of a borrower's mortgage loan"). A copy is attached as **Exhibit D**.

**PHH's March 4, 2026 Response to Plaintiffs
NOEs is a Knowing Violation of Regulation X**

24. PHH responded on March 4, 2026.

25. PHH refused to treat either NOE as a Notice of Error, repeatedly asserting the NOEs were "overbroad" under §1024.35(g)(1)(ii).

26. PHH's response is contradicted by the CFPB's Official Interpretations, which state that a NOE is overbroad only when it asserts errors relating to "substantially all aspects of a mortgage loan" or is "not reasonably understandable." Plaintiffs' NOEs were specific, narrow, and supported by documents.

27. PHH falsely claimed the NOEs did not identify a covered error, despite:

    1. §1024.35(b)(9) covering foreclosure-related errors;
    2. §1024.35(b)(10) covering failure to suspend foreclosure;
    3. §1024.35(b)(11) covering "any other error relating to servicing," including escrow miscalculations

28. PHH refused to conduct any investigation, violating §1024.35(e)(1).

29. PHH refused to provide documents relied upon, violating §1024.35(e)(1)(i)(B) and §1024.35(e)(4).

30. PHH refused to correct the escrow shortage error or provide a corrected escrow disclosure.

31. PHH refused to address the arbitration-based error, despite Plaintiffs providing the arbitration agreement and foreclosure complaint.

32. PHH's response was boilerplate, evasive, and knowingly noncompliant. A copy is attached as **Exhibit E**.

**Plaintiffs' December 26, 2025**
**Request for Information (RFI)**

27. On December 26, 2025, Plaintiffs submitted a Request for Information ("RFI") under 12 C.F.R. §1024.36.

28. The RFI requested:

    • complete transaction history,
    • escrow and suspense account records,
    • audio recordings of calls,
    • call logs and servicing notes,

- internal servicing records,
- loss mitigation records,
- force-placed insurance notices,
- transfer notices,
- identity of the current owner/investor,
- documents relied upon in initiating foreclosure,
- documents relied upon in responding to the NOE.

29. The RFI identified two relevant time periods:

- **January 1, 2003 – May 9, 2014**, and
- **June 1, 2023 – present**.

30. The RFI was specific, detailed, and directly related to servicing, foreclosure, and accounting.

31. A copy is attached as **Exhibit F**.

**PHH'S March 4, 2026 Response to**
**the RFI - Multiple Violations of Regulation X**

32. PHH responded on March 4, 2026. (See **Exhibit E**.)

33. PHH violated 12 C.F.R. §1024.36 by:

a. failing to acknowledge the RFI within 5 business days (§1024.36(c));
b. failing to conduct a reasonable search (§1024.36(d)(1));
c. refusing to provide audio recordings required under Regulation F (§1006.100(b));
d. refusing to provide servicing notes and internal records;
e. refusing to provide transfer notices required by §1024.33(b);
f. refusing to provide force-placed insurance notices required by §1024.37(c);
g. refusing to provide loss mitigation records required by §1024.41;
h. improperly invoking "overbroad," "unduly burdensome," and "irrelevant" objections; i. improperly claiming requests were "duplicative";
i. failing to provide documents relied upon in determining "no error occurred" (§1024.36(d)(1)(ii)); and by
j. failing to issue a proper written notice under §1024.36(f)(2).

34. PHH's response was boilerplate, evasive, and knowingly noncompliant.

**DAMAGES**

35. Plaintiffs suffered:

- legal fees defending an unauthorized foreclosure,
- emotional distress,
- time and expense attempting to correct PHH's errors,
- credit damage,
- financial harm,
- inability to obtain accurate servicing information.

**CAUSES OF ACTION**

## COUNT I
### Violation of RESPA (12 U.S.C. §2605 & 12 C.F.R. §1024.35)
### *(Failure to Properly Respond to Arbitration-Based NOE)*

36. Plaintiffs incorporate all preceding paragraphs.

37. Plaintiffs submitted a valid NOE under §1024.35(a).

38. PHH refused to investigate, falsely claimed the NOE was not a covered error, and failed to provide documents relied upon.

39. PHH violated §1024.35(d), (e), and (g).

40. Plaintiffs suffered actual damages.

## COUNT II
### Violation of RESPA (12 U.S.C. §2605 & 12 C.F.R. §1024.36)
### *(Failure to Provide Information Requested in Plaintiffs' RFI)*

41. Plaintiffs incorporate all preceding paragraphs.

42. Plaintiffs submitted a valid RFI under §1024.36(a).

43. PHH failed to acknowledge the RFI, failed to conduct a reasonable search, refused to provide required documents, and issued improper objections.

44. PHH violated §1024.36(c), (d), (f), and related CFPB interpretations.

45. Plaintiffs suffered actual damages.

## COUNT III
### Violation of FDCPA §1692e
### *(False Representations Regarding Authority to Foreclose)*

46. Plaintiffs incorporate all preceding paragraphs.

47. PHH falsely represented that it had authority to foreclose despite the arbitration agreement.

48. PHH's conduct violates §1692e(2), (5), and (10).

## COUNT IV
### Violation of FDCPA §1692f
*(Unfair and Unconscionable Collection Practices)*

49. Plaintiffs incorporate all preceding paragraphs.

50. PHH initiated foreclosure without contractual authority and refused to correct known errors.

51. PHH's conduct violates **§1692f(1)** and **(6)**.

## COUNT V
### FDCPA §1692g
*(Failure to Validate Debt)*

52. Plaintiffs incorporate all preceding paragraphs.

53. Plaintiffs disputed the debt and requested validation.

54. PHH failed to provide required validation and continued collection activity.

## COUNT VI
### Breach of Contract
*(Violation of Mandatory Arbitration Agreement)*

55. Plaintiffs incorporate all preceding paragraphs.

56. The mortgage contains a mandatory arbitration agreement.

57. PHH breached the agreement by filing foreclosure and refusing arbitration.

## COUNT VII
### Unjust Enrichment

58. Plaintiffs incorporate all preceding paragraphs.

59. PHH unlawfully collected fees, charges, and amounts not permitted by law.

## COUNT VIII
### Violation of FCCPA §559.72(9)
*(Attempting to Collect Amounts Not Permitted by Law)*

60. Plaintiffs incorporate all preceding paragraphs.

61. PHH attempted to collect amounts not permitted by law by initiating foreclosure without contractual authority.

## COUNT IX
### Declaratory and Injunctive Relief

62. Plaintiffs incorporate all preceding paragraphs.

63. Plaintiffs seek a declaration that PHH violated the arbitration agreement and RESPA.

64. Plaintiffs seek injunctive relief requiring PHH to correct its servicing records and cease unlawful collection activity.

## PRAYER FOR RELIEF

Plaintiffs request:

- Actual damages
- Statutory damages under RESPA and FDCPA
- Punitive-style damages under FCCPA
- Attorney's fees and costs
- Declaratory relief
- Injunctive relief
- Restitution
- Any other relief deemed just and proper

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted, June _____, 2026.

_____
LORENZO ALLEN


_____
JUANITA ALLEN