**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

LORENZO ALLEN and
JUANITA ALLEN,

Plaintiffs,

v.

Case No. 0:26-cv-61814-PAB

PHH MORTGAGE CORPORATION,

Defendant.

______________________________________/

**DEFENDANT PHH MORTGAGE CORPORATION'S MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant PHH Mortgage Corporation ("PHH" or "Defendant"), by and through its undersigned counsel, hereby moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss with prejudice the Amended Complaint [ECF No. 9] filed by pro se Plaintiffs Lorenzo Allen and Juanita Allen (collectively, "Plaintiffs") for failure to state a claim upon which relief can be granted.

This is Plaintiffs' second attempt to plead a viable cause of action against PHH. On August 6, 2026, Plaintiffs filed an Amended Complaint that purports to assert nine counts arising from the servicing of their residential mortgage loan. Despite having the opportunity to amend, the Amended Complaint suffers from the same fundamental deficiencies as the original Complaint [ECF No. 1]: claims barred by collateral estoppel, claims barred by applicable statutes of limitations, claims that mischaracterize mortgage servicing activities, and claims that are contradicted by judicially noticeable facts.

Plaintiffs' litigation history highlights the frivolous nature of this action. Since 2014, Plaintiffs have pursued a relentless campaign of serial litigation related to the same underlying

mortgage obligation, including: Multiple appeals to the Fourth District Court of Appeal (Case Nos. 4D16-0651, 4D19-1789, 4D21-1270), all dismissed or affirmed; Attempted removal to federal court (Case No. 0:19-cv-62182), remanded; Eleventh Circuit appeal (No. 21-11192-CC), dismissed; Two bankruptcy adversary proceedings (Case Nos. 23-01179-SMG and 25-01151-SMG), both dismissed, the latter with prejudice; The original Complaint in this action [ECF No. 1]; and now the Amended Complaint [ECF No. 9], which fails to cure the identified deficiencies.

As set forth below, the Amended Complaint should be dismissed with prejudice because the deficiencies are legal bars incapable of being cured by further amendment.

## I. STATEMENT OF FACTS

For purposes of this Motion only, and without admitting the truth of any allegation, the following facts are drawn from the Amended Complaint, the documents attached thereto, and any applicable documents entitled to judicial notice.

### A. The Mortgage Loan and Prior Litigation History.

In 2002, Plaintiffs obtained a mortgage loan from Accredited Home Lenders, Inc., secured by real property at 6207 NW 66th Way, Parkland, Florida 33067. *Am. Compl*. ¶7. The mortgage contains a mandatory arbitration rider. *Am. Compl*. ¶¶8-10, Ex. A.

PHH services the loan on behalf of the loan's owner, The Bank of New York Mellon ("BoNY"). *Id.* ¶ 5.

On or about May 9, 2014, BoNY, acting through PHH as servicer, filed a foreclosure action in Broward County Circuit Court, Case No. CACE14009009 (the "Foreclosure Action"). *Id.* ¶11. Plaintiffs, as defendants in the Foreclosure Action, filed a Verified Motion to Compel Arbitration on February 15, 2021, raising the identical arbitration argument now asserted in Count I of the

Amended Complaint, which was *denied* by Order entered March 29, 2021.[1] The state court subsequently found BoNY entitled to a Final Judgment of Foreclosure in the amount of $802,415.00.

Since 2014, Plaintiffs have pursued multiple appeals of the Foreclosure Action to the Fourth District Court of Appeal (Case Nos. 4D16-0651, 4D19-1789, and 4D21-1270), all of which were dismissed or affirmed; attempted removal to federal court (Case No. 0:19-cv-62182), which was remanded; and pursued an Eleventh Circuit appeal (No. 21-11192-CC), which was dismissed. Plaintiffs also filed bankruptcy adversary proceedings (Case Nos. 23-01179-SMG and 25-01151-SMG), both of which were dismissed, the latter with prejudice.

**B. <u>Plaintiffs' December 2025 NOEs and RFI.</u>**

On December 26, 2025, Plaintiffs sent PHH two purported Notices of Error and one Request for Information. *Am. Compl*. ¶¶16, 20, 33.

The first NOE (the "Arbitration NOE") asserted that the 2014 foreclosure filing itself constituted a "servicing error" under 12 C.F.R. §1024.35(b)(11) because PHH filed the foreclosure without first electing arbitration under the mortgage's arbitration rider. *Am. Compl*. ¶¶16-19, Ex. C.

The second NOE (the "Escrow NOE") asserted that PHH improperly shortened a 60-month escrow shortage repayment plan, originally established by a prior servicer, Litton Loan Servicing, in 2011, to a 12-month schedule in 2021, resulting in a monthly surcharge of $1,009.45, rather than $238.85. *Am. Compl*. ¶¶20-23, Ex. D.

[1] Federal courts may take judicial notice of state-court dockets. *Trimble v. Rios,* 2019 U.S. LEXIS 189589, at *2 (M.D. Fla. Oct. 31, 2019) (citing *Paez v. Sec'y, Fla. Dep't of Corr.*, 931 F.3d 1304, 1306-08 (11th Cir. 2019)).

The RFI sought ten categories of documents covering two expansive time periods: January 1, 2003 through May 9, 2014, (over 13 years) and June 1, 2023 to the present (an additional 3 years). *Am. Compl*. ¶¶33-37.[2] The requested categories included audio recordings of all calls, internal servicing notes, loss mitigation records, force-placed insurance notices, transfer notices, and documents relied upon in the foreclosure and in PHH's NOE response. *Id.*

**C. <u>PHH's March 4, 2026 Response.</u>**

On March 4, 2026, PHH issued a comprehensive written response to the NOEs and RFI, and provided over 400 pages of documents. *Am. Compl*. ¶24, 38, Ex. E. In that response, PHH:

(1) explained that the Arbitration NOE did not identify a cognizable servicing error under 12 C.F.R. §1024.35(b), and further stated that the arbitration issue had been raised in the Foreclosure Action, fully litigated, and decided against Plaintiffs by the state court;

(2) explained that the Escrow NOE did not identify a specific "error" within the categories enumerated at §1024.35(b)(1)-(11), and noted that Plaintiffs had modified the loan in 2022, thereby accepting the modification terms and mooting pre-modification escrow disputes;

(3) objected to multiple RFI items as overbroad and unduly burdensome under 12 C.F.R. §1024.36(f)(1)(iv), duplicative of information already provided in PHH's January 16, 2026 and January 23, 2026 communications under §1024.36(f)(1)(i), and/or not in PHH's possession because such records were not transferred with the servicing rights under §1024.36(d)(1)(ii); and (4) notwithstanding its objections, provided the loan transaction history, escrow history, payoff quote reference, transfer notices in its possession, and insurance policies in its possession. *See Am. Compl*. Ex. E.

---

[2] Defendant notes that the Amended Complaint refers this Court to an attachment, "**Exhibit F**," for the proposition that a copy of the RFI is attached thereto. Defendant notes there is no attachment "Exhibit F."

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While a court must accept all well-pleaded factual allegations as true, it need not accept legal conclusions couched as factual allegations. *Id.* "[L]abels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to state a claim. *Twombly*, 550 U.S. at 555. The factual allegations in a complaint must "possess enough heft" to set forth a plausible entitlement to relief. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (internal citation omitted).

Pro se litigants are entitled to liberal construction of their pleadings, but they "may not rely on conclusory allegations or legal conclusions in the place of factual allegations to overcome a motion to dismiss." *Mbano v. Kriseman*, 2014 U.S. Dist. LEXIS 157453, at *6 (M.D. Fla. 2014) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)); *see also Municipal Utilities Bd. of Albertville v. Alabama Power Co.*, 934 F.2d 1493, 1501 (11th Cir. 1991).

In ruling on a motion to dismiss, the Court may consider documents attached to the complaint, documents incorporated into the complaint by reference, and matters of which the Court may take judicial notice. *See* Fed. R. Evid. 201(b); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

## III. ARGUMENT

### A. COUNT I Regarding the Arbitration-Based NOE Should Be Dismissed, with Prejudice.

The Plaintiffs' claims under Count I allege a general violation of 12 U.S.C. §2605 and 12 C.F.R. §1024.35(d), (e), and (g), regarding the Arbitration NOE. To state a RESPA claim for failure to respond to a Notice of Error under 12 U.S.C. §2605(e) and 12 C.F.R. §1024.35, a plaintiff must allege that the plaintiff sent a valid notice of error that identified a specific covered servicing error, the servicer failed to respond within the required timeframe or failed to conduct a reasonable investigation, and the plaintiff suffered actual damages proximately caused by the violation, or the servicer engaged in a pattern or practice of noncompliance. *See Frone v. JPMorgan Chase & Co.*, 695 Fed. Appx. 468, 473 (11th Cir. 2017).

Count I fails for multiple independent reasons. First, the Arbitration NOE does not identify a cognizable "servicing error" under 12 C.F.R. §1024.35(b). Plaintiffs contend that PHH's filing of a foreclosure action in 2014 without first electing arbitration is an "unauthorized, contractually prohibited, and constitutes a servicing error under 12 C.F.R. 1024.35(b)(9), (b)(10), and (b)(11)." (*Am. Compl*. ¶11-15.) However, the decision to file a foreclosure action is not a "servicing" activity. The regulation defines "servicing" as receiving scheduled periodic payments, making payments of taxes and insurance, and related activities. *See* 12 U.S.C. §2605(i)(3). Courts have construed "servicing" narrowly, holding that activities far more closely tied to a loan than the filing of a lawsuit, such as loan modification requests, inquiries into loan ownership, and requests for payoff statements, fall outside RESPA's definition of "servicing" because they do not concern the receipt or application of periodic payments. See *Suarez v. Nationstar Mortg. LLC*, 2023 U.S. Dist. LEXIS 205051, at *21-24 (S.D. Fla. May 19, 2023) (loan modification, note-ownership, loss mitigation correspondence, call notes and logs, and payoff-statement inquiries do not relate to

"servicing."); *Bracco v. PNC Mortg.,* 2016 U.S. Dist. LEXIS 115269 (M.D. Fla. Aug. 29, 2016). The initiation of a foreclosure lawsuit falls outside this definition. *See Luther v. Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 142538, at *21-22 (W.D. Va. Aug. 6, 2012) (a request that does not positively identify a purported servicing error is a "fishing expedition" not entitled to a substantive response).

Second, the arbitration issue underlying Count I has already been litigated and decided against Plaintiffs. In the Foreclosure Action (Broward County Case No. CACE14009009), Plaintiffs filed a Verified Motion to Compel Arbitration, which was denied by Order entered March 29, 2021. The state court's denial of that motion constitutes a final adjudication on the merits of Plaintiffs' arbitration theory. Collateral estoppel bars Plaintiffs from re-litigating this identical issue through the device of a RESPA notice of error. *See Am. Compl*. Ex. E at 4 (PHH's response noting the arbitration issue was "raised in the foreclosure lawsuit, fully litigated, and the court ruled against the Borrowers on the issue"). Courts in this District have applied this same principle to bar RESPA claims premised on issues previously litigated in a state-court foreclosure action, holding that where the substance of a borrower's notice-of-error allegations was raised as and litigated to finality in the foreclosure action, the borrower may not relitigate that same issue through a subsequent RESPA notice of error. *See Willner v. Wells Fargo Bank, N.A.*, 2019 U.S. Dist. LEXIS 186285, at *13-14 (S.D. Fla. Oct. 24, 2019) (NOE issues that "were part of the same cause of action and could have been and were litigated in the state court action, were raised as affirmative defenses in the Foreclosure Action, and litigated to finality in the Foreclosure Action itself" cannot support a RESPA claim); id. at *15 FN4 (res judicata and claim preclusion doctrines also bar a plaintiff from relitigating claims arising during a state-court foreclosure action) (citing *Beepot v. JP Morgan Chase Nat'l Corp. Servs., Inc.,* 57 F. Supp. 3d 1358, 1369 (M.D. Fla. 2014)).

Third, the Amended Complaint now cites § 1024.35(b)(9), (b)(10), in addition to the previously cited (b)(11) in an apparent effort to shoehorn the arbitration dispute into a regulatory framework. *Am. Compl*. ¶¶ 14, 43. These subsections address specific procedural foreclosure requirements, such as failing to provide loss mitigation information before filing foreclosure (§ 1024.35(b)(9)) or moving for a foreclosure judgment before certain regulatory prerequisites are met (§ 1024.35(b)(10)), not alleged violations of private arbitration agreements. The arbitration rider is a private dispute-resolution mechanism between the parties. It is not a pre-foreclosure procedural safeguard under Regulation X. Moreover, the foreclosure was procedurally proper as confirmed by the state court's entry of a Final Judgment. Adding statutory citations does not transform a private contract dispute about arbitration into a cognizable servicing error under RESPA. *See Young v. Servbank*, No. 2:26-cv-174, 2026 U.S. Dist. LEXIS 57777, at *8–9 (S.D. Ohio Mar. 19, 2026) (explaining that § 1024.35(b)(9) and (b)(10) apply only where a servicer has made the first notice or filing required to commence foreclosure or has moved for a foreclosure judgment or order of sale, and dismissing claim where plaintiff's allegations did not suggest the servicer ran afoul of those specific procedural foreclosure prerequisites).

Last, even if the Arbitration NOE could be construed as identifying a covered error, PHH's response, which explained that the error asserted is not cognizable and that the issue was previously adjudicated, satisfies the servicer's obligation under 12 C.F.R. §1024.35(e)(1)(i)(B) to notify the borrower that "no error occurred." *See Lage v. Ocwen Loan Servicing, LLC*, 839 F.3d 1003, 1007 (11th Cir. 2016) (a servicer satisfies RESPA by either correcting the identified error or, after a reasonable investigation, notifying the borrower in writing that it has determined no error occurred and explaining the basis for its decision*); Alexander-Porter v. Wells Fargo Bank, N.A.,* 2026 U.S.

Dist. LEXIS 143632, at *8-11 (S.D. Fla. June 26, 2026) ("RESPA does not impose liability merely because the borrower disagrees with the adequacy of the servicer's explanation or response").

For the foregoing reasons, Count I fails to state a plausible RESPA claim and should be dismissed with prejudice.

**B. COUNT II Regarding the RFI Should Be Dismissed, with Prejudice.**

Count II alleges that PHH failed to adequately respond to Plaintiffs' RFI. *Am. Compl.* ¶¶ 47–51. This claim fails for multiple independent reasons.Under 12 U.S.C. §2605(e) and 12 C.F.R. §1024.36, a servicer must respond to a written request for information relating to the "servicing" of the mortgage loan. However, a servicer is not required to: (i) provide information that is duplicative of information it has already provided in response to a prior request, §1024.36(f)(1)(i); (ii) respond to a request that is overbroad or unduly burdensome, §1024.36(f)(1)(iv); (iii) provide information that it does not maintain in the ordinary course of business or that is not in its possession or control, §1024.36(d)(1)(ii); or (iv) provide information that is not related to "servicing" as defined in the statute. *See also Frone*, 695 Fed. Appx. at 473.

Plaintiffs' RFI is a textbook "fishing expedition" of the type rejected in *Luther*. *See Luther*, 2012 U.S. Dist. LEXIS 142538, at *21. The RFI, as described, sought ten broad categories of records spanning over two decades (January 2003 to the present), including "audio recordings of calls," "internal servicing records," "call logs and servicing notes," and "documents relied upon in initiating foreclosure." *Am Compl*. ¶34. This represents a sweeping demand for materials that far exceeds the scope of information "relating to the servicing of [the] mortgage loan."

PHH properly exercised its regulatory prerogatives under 12 C.F.R. §1024.36(f)(1)(i)-(iv) by identifying specific, enumerated grounds for its objections, including that the requests were overbroad, unduly burdensome, duplicative of the January 16 and January 23, 2026 responses,

and/or sought records not in PHH's possession. *Am. Compl*. Ex. E. Importantly, *notwithstanding* its objections, PHH provided substantial responsive information, including the complete loan transaction history, escrow account history, payoff quote, transfer notices, and insurance policies in its possession, and nearly 400 pages of documents.

Moreover, to the extent Plaintiffs challenge PHH's objections, the Amended Complaint does not plead with particularity *which* specific document or category of information PHH was obligated to produce but failed to provide, nor does it allege how the alleged failure to provide any specific document caused Plaintiffs actual damages. Under 12 U.S.C. §2605(f), a plaintiff must demonstrate actual damages "as a result of" the alleged RESPA violation. Generic allegations of legal fees, emotional distress, credit damage, financial hard, increased escrow, time and expense, inability to obtain accurate servicing information, loss of statutory rights (*Am. Compl*. ¶41) without any causal nexus to a specific informational deficiency fail to satisfy *Twombly*'s plausibility standard.

RESPA requires a causal link between the alleged violation and the specific damages claimed, and generalized, non-itemized allegations of fees, litigation expenses, and emotional distress tied only to the underlying foreclosure, rather than to any specific informational deficiency in PHH's response, are insufficient to state a claim. *See Willner v. Wells Fargo Bank, N.A.,* 2019 U.S. Dist. LEXIS 186285, at *10-14 (S.D. Fla. Oct. 24, 2019) (dismissing RESPA claim where alleged damages, including additional fees, attorney fees, and emotional distress, were not causally linked to the servicer's alleged failure to respond, but instead stemmed from the underlying foreclosure).

Count II fails to state a plausible RESPA claim and should be dismissed with prejudice.

**C. COUNT III Regarding FDCPA §1692e Should Be Dismissed, with Prejudice.**

The FDCPA applies only to "debt collectors" as defined in 15 U.S.C. §1692a(6) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."). To state a claim under §1692e, a plaintiff must plead that the defendant used "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. A plaintiff states a plausible FDCPA claim only where he alleges, at minimum, that (1) the defendant is a "debt collector," and (2) the challenged conduct is related to debt collection. *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012).

Count III alleges that "PHH falsely represented that it had authority to foreclose despite the arbitration agreement." *Am. Compl*. ¶54. This claim fails for multiple reasons. First, Plaintiffs fail to adequately plead that PHH is a "debt collector" subject to the general prohibitions of §1692e. The Amended Complaint now includes expanded allegations (*Am. Compl*. ¶ 6(a)–(d)) asserting that PHH acquired servicing after default, regularly collects debts owed to another, uses interstate mail and wires, and has a principal business purpose of debt collection. These allegations remain conclusory legal conclusions. They do not plead *when* PHH acquired servicing rights, what the *specific default status* was at the time of acquisition, or what *specific collection activities* PHH engaged in beyond ordinary mortgage servicing. The Amended Complaint still suffers from the defects of the original, and the allegations are formulaic recitation of the statutory definition devoid of supporting factual allegations.

Second, the alleged "false representation," that PHH had authority to foreclose, is not false. PHH *did* have authority to foreclose on behalf of BoNY as the holder of the note and mortgage.

The state court confirmed this by entering a Final Judgment of Foreclosure, and the issue of the arbitration agreement's effect was litigated and decided against Plaintiffs. A representation that is *true* cannot form the basis of a §1692e claim.

Third, to the extent this claim is premised on the 2014 foreclosure filing itself, it is time-barred. The FDCPA has a one-year statute of limitations. 15 U.S.C. §1692k(d). The foreclosure was filed on May 9, 2014, more than twelve years before the Complaint was filed. *See Robinson v. Dolan*, 2026 U.S. Dist. LEXIS 118145, at *5 (N.D. Fla. Mar. 18 2026) ("[b]ut the Act requires plaintiffs to initiate a civil action for any violation of the Act within one year of the violation."); *id.* at FN1 ("But the continuing violation doctrine does not apply to FDCPA claims.") (internal citations omitted). Count III fails to state a plausible claim under 15 U.S.C. §1692e and should be dismissed with prejudice.

**D. COUNT IV Regarding FDCPA §1692f Should Be Dismissed, with Prejudice.**

Count IV alleges that PHH engaged in "unfair collection practices" to collect a debt citing to FDCPA §1692f. *Am. Compl*. ¶¶ 56–58. This claim fails for the same reasons as Count III. Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. Section 1692f(1) specifically prohibits the collection of amounts not expressly authorized by the debt agreement or permitted by law. Section 1692f(6) addresses threats to take nonjudicial action to dispossess property where the debt collector lacks a present right to possession or enforcement of a security interest.

Count IV alleges that "PHH initiated foreclosure without contractual authority and refused to correct known errors." *Am. Compl*. ¶57. This claim suffers from the same threshold deficiency as Count III: Plaintiffs have not adequately pled that PHH is a "debt collector" subject to §1692f's general prohibitions, the expanded sections the Plaintiffs include in the *Am. Compl*. ¶ 6(a)–(d), are

at best legal conclusions. As with Count III, this deficiency is dispositive: absent well-pled facts establishing debt-collector status under the general definition rather than the limited-purpose provision of §1692f(6), no FDCPA claim lies. *See Reese*, 678 F.3d at 1216.

Moreover, the factual premise of Count IV, that PHH lacked "contractual authority" to foreclose, has been conclusively rejected by the state court's entry of a Final Judgment of Foreclosure in favor of BoNY. The Complaint itself acknowledges that the Foreclosure Action resulted in judgment. Plaintiffs cannot plausibly allege that PHH's enforcement of its security interest was "unfair or unconscionable" where the state court has already determined that the foreclosure was proper.

Finally, to the extent Count IV challenges the 2014 foreclosure filing, it is barred by the one-year FDCPA statute of limitations. 15 U.S.C. §1692k(d). Count IV fails to state a plausible claim under 15 U.S.C. §1692f and should be dismissed with prejudice.

**E. COUNT V Regarding FDCPA §1692g Should Be Dismissed, with Prejudice.**

Count V alleges that PHH failed to validate the debt as required by 15 U.S.C. § 1692g. *Am. Compl*. ¶¶ 59–61. This claim is entirely conclusory. Section 1692g requires a debt collector to provide certain disclosures, including the amount of the debt, the name of the creditor, and notice of the right to dispute, within five days of the "initial communication" with the consumer. 15 U.S.C. §1692g(a). However, 15 U.S.C. §1692c(d) expressly provides that "a communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)."

Count V alleges that "Plaintiffs disputed the debt and requested validation" and "PHH failed to provide required validation and continued collection activity." *Am. Compl*. ¶¶60-61. This claim fails because it is entirely conclusory, Plaintiffs do not identify *when* they disputed the debt,

*what* "initial communication" triggered PHH's validation obligations, or *how* PHH's response was deficient.

Moreover, the same threshold deficiency persists: Plaintiffs have not adequately pled that PHH qualifies as a "debt collector" subject to §1692g's requirements. Count V fails to state a plausible claim under 15 U.S.C. §1692g and should be dismissed with prejudice.

**F. COUNT VI Regarding Breach of Contract Should Be Dismissed, with Prejudice.**

To state a claim for breach of contract under Florida law, a plaintiff must allege: (1) a valid contract; (2) a material breach; and (3) damages resulting from the breach. *Abbott Labs., Inc. v. Gen. Elec. Capital*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000). The doctrines of collateral estoppel and res judicata bar relitigating of issues or claims that were actually litigated and determined in a prior proceeding between the same parties or their privies.

Count VI alleges that "the mortgage contains a mandatory arbitration agreement" and "PHH breached the agreement by filing foreclosure and refusing arbitration." *Am. Compl*. ¶¶63-64. This claim is barred by collateral estoppel. The identical issue, whether Defendant was required to arbitrate rather than foreclose, was raised, fully litigated, and decided against Plaintiffs in the Foreclosure Action. Plaintiffs filed a Verified Motion to Compel Arbitration in Case No. CACE14009009, and the Broward County Circuit Court *denied* that motion by Order entered March 29, 2021. Under Florida law, collateral estoppel "'bars re-litigation of identical issues between identical parties in two proceedings' so as to prevent 'repetitious litigation of what is essentially the same dispute.'" *Lucky Nation, LLC v. Al-Maghazchi*, 186 So, 3d 12, 14 (Fla. 4th DCA 2016) (internal citation omitted). Federal courts applying Florida law have likewise held that a final judgment of foreclosure gives *res judicata* effect to issues actually litigated in that action,

including a borrower's arbitration defense, thereby barring the borrower from relitigating the same issue in a subsequent federal suit. *See Willner*, 2019 U.S. Dist. LEXIS 186285, at *15 FN4.

Furthermore, even absent collateral estoppel, the 2014 foreclosure filing is well outside any applicable limitations period for breach of contract in Florida (five years under Fla. Stat. §95.11(2)(b), (c)). The original Complaint was filed on June 29, 2026, and the Amended Complaint was filed on August 6, 2026, more than twelve years after the alleged breach on May 9, 2014. Count VI is barred by collateral estoppel and, independently, by the statute of limitations, and should be dismissed with prejudice.

**G. COUNT VII Regarding Unjust Enrichment Should Be Dismissed, with Prejudice.**

Count VII alleges unjust enrichment. *Am. Compl*. ¶¶ 66–67. This claim fails as a matter of law. Under Florida law, a claim for unjust enrichment cannot lie where an express contract exists between the parties governing the same subject matter. *See West Coast Life Ins. Co. v. Life Brokerage Partners, LLC,* 2010 U.S. Dist. LEXIS 148535 (S.D. Fla. Dec. 22, 2010) ("[A] claim for unjust enrichment, a form of equitable relief, cannot stand if an express contract exists") (internal citations omitted). Count VII alleges that "PHH unlawfully collected fees, charges, and amounts not permitted by law." *Am. Compl*. ¶67. But the parties' relationship is expressly governed by the Note and Mortgage, the very contracts Plaintiffs attach to their own Amended Complaint (Ex. A). The escrow and payment obligations Plaintiffs challenge arise directly under the terms of the Mortgage and loan modification. Where an express contract governs the subject matter in dispute, a quasi-contractual claim for unjust enrichment is unavailable as a matter of Florida law. *See id.*

Moreover, the Amended Complaint's unjust enrichment allegations are entirely conclusory. Plaintiffs fail to identify *what* specific fees or charges were allegedly "not permitted

by law," *when* such charges were assessed, or in *what* amount. Such bare conclusions, devoid of supporting factual allegations, are insufficient to satisfy *Twombly*'s plausibility standard.

Count VII is precluded by the existence of an express contract and, independently, fails to allege sufficient facts to state a plausible claim. It should be dismissed with prejudice.

### H. COUNT VIII Regarding FCCPA §559.72(9) Should Be Dismissed, with Prejudice.

Count VIII alleges that PHH violated Florida's Consumer Collection Practices Act, Fla. Stat. § 559.72(9), by attempting to "enforce a debt and legal right it knew did not exist." *Am. Compl.* ¶¶ 68-69. Florida Statute §559.72(9) provides that no person shall "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist." To state a claim under this provision, a plaintiff must plead facts showing that the defendant *knew* the debt was illegitimate or that the asserted right did not exist.

Count VIII alleges that "PHH attempted to enforce a debt and legal right it knew did not exist by initiating foreclosure without contractual authority." *Am. Compl*. ¶69. This claim fails because Plaintiffs cannot plausibly allege that PHH *knew* the debt was not legitimate, which Defendant denies, or that it lacked authority to foreclose, which Defendant denies. To the contrary, the state court's Final Judgment of Foreclosure, confirming the validity of the debt and PHH right to foreclose, conclusively establishes that the debt is legitimate and that PHH acted with authority.

Additionally, to the extent the alleged "amounts not permitted by law" refer to the escrow surcharge, Plaintiffs' theory is undermined by their own acceptance of the 2022 loan modification, which reset the contractual terms including escrow obligations. Plaintiffs do not allege any specific post-modification charge that was "not permitted by law" with the factual particularity required

by *Twombly*. Count VIII fails to state a plausible claim under Fla. Stat. §559.72(9) and should be dismissed with prejudice.

**I. COUNT IX Regarding Declaratory and Injunctive Relief Should Be Dismissed, with Prejudice.**

Count IX seeks declaratory and injunctive relief. *Am. Compl*. ¶¶ 70-72. A claim for declaratory or injunctive relief is a remedy, not an independent cause of action. Where the underlying substantive claims fail, a derivative claim for declaratory or injunctive relief likewise fails. *See Georgia ex rel. Smith v. Wyndham Vaction Resorts Ownerships, Inc.,* 2024 U.S. Dist. LEXIS 180520, at *15 (N.D. Ga. Oct. 2, 2024) ("Plaintiffs' claims for punitive damages and declaratory and injunctive relief fail because those types of claims are derivative of substantive claims, and Plaintiffs fail to state any substantive claim.").

Count IX seeks "a declaration that PHH violated the arbitration agreement and RESPA" and "injunctive relief requiring PHH to correct its servicing records and cease unlawful collection activity." *Am. Compl*. ¶¶70-72. Because Counts I through VIII all fail to state plausible claims for relief, Count IX—which is entirely derivative of those claims—must likewise be dismissed, with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendant PHH Mortgage Corporation respectfully requests that this Court enter an Order:

1. Dismissing all nine counts of Plaintiffs' Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6);

2. Awarding PHH its reasonable attorneys' fees and costs to the extent permitted by law; and

3. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

*s/Peter A. Hernandez*
Peter A. Hernandez, Esq.
Florida Bar No: 64309
2811 Ponce de Leon Blvd., Suite 1000
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Primary: pahernandez@hinshawlaw.com
Secondary: ellampallas@hinshawlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of August, 2026, a true and correct copy of the foregoing Defendant's Motion to Dismiss the Amended Complaint was served via U.S. Mail, first class, postage prepaid, upon the following:

Lorenzo Allen
Juanita Allen
6207 NW 66th Way
Parkland, Florida 33067

By: s/*Peter A. Hernandez*
Peter A. Hernandez